# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MAURICE HANKEY, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:13-cv-02181-WMA-JEO |
| ) | |
| **ATTORNEY GENERAL et al.,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM OPINION

This case is before the court on Respondents' Motion to Dismiss as Moot (doc. 12), filed on August 4, 2014. In their motion, Respondents note that Petitioner was released from ICE custody pursuant to an Order of Supervision on May 16, 2014. (Doc. 12-1). Respondents argue that because Petitioner has been released on an Order of Supervision, this case is due to be dismissed as moot.

On December 3, 2013, Petitioner filed a petition for writ of habeas corpus seeking to be released from custody pending his removal to Grenada. (Doc. 1). Because he has been released on an Order of Supervision, his petition seeking that very relief is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, this matter is due to be dismissed. *Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011). The court will enter a separate order..

DONE this 5th day of August, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE